# SUPREME COURT.

## LEWIS ROW agt. LEONARD ROW and others.

*Notice* of commissioners' proceedings in partition is not required, by statute, to be given to the
parties. It would be proper, however, that the parties should have an opportunity to be
heard before the commissioners, before making partition.

The case of *Traver* v. *Traver*, (3 Howard's Pr. 321,) commented upon and explained in rela-
tion to suits in partition under the code.—BARCULO, Justice.

*Dutchess Special Term, Oct.* 1849.—This was an action commenced
by summons and complaint for the partition of lands. Commissioners
having made partition, the plaintiff's counsel moved to confirm their
report. The defendants' counsel opposed, upon the ground that no
notice of the proceedings on the part of the commissioners had been
served upon the defendants' attorney. It appeared, however, by plain-
tiff's affidavit, that notice had been given personally to the defendants,
and that one of them was present at the time the commissioners made
the partition.

    O. E. BOWMAN, *for plaintiff.*

    ARMSTRONG & CONGER, *for defendants.*

BARCULO, Justice.—The statute does not require notice of the com-
missioners' proceedings to be given to the parties. For aught that is
said by the statute, the commissioners may make partition without the
actual knowledge of any of the parties. There would seem, however,
to be a propriety in giving the parties some opportunity of being heard
before the commissioners. As, however, a technical notice is not re-
quired, I think the notice and attendance of one of the defendants, as
shown in this case, sufficient.

As this action was commenced under the code by summons and com-
plaint, I take the opportunity to correct what seems to be a misapprehen-
sion on the part of one of the justices of this court, of the opinion in the
case of *Traver* v. *Traver* (3 How. 321.) In deciding *Myers* agt. *Rasback*
(4 How. 83,) Justice Gridley states that, in *Traver* v. *Traver*, I had ex-
pressed a doubt " whether a suit for the partition of lands is a regular
judicial proceeding." I certainly had no intention of expressing any such
doubt in relation to a *suit*. I did not intend to say that proceedings by
*petition* for partition were not merged in the legal actions of the code.
The case of *Traver* v. *Traver* was one commenced by petition. If it had
been commenced by bill in chancery, as a suit, the decision must have
been otherwise; for the *legal action* of the code is expressly substituted

for *suits in equity* by section 69, old code. As, under the former system, proceedings for partition could be commenced either by *bill* or *petition;* and as the bill has been abolished and the legal action substituted, it follows that the only remedies now remaining are the legal action of the code and the old petition. Such is the understanding of the law, and such the uniform practice before the justices of this district.

The report of the commissioners must be confirmed.